IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CALVIN MILLS,

                    Plaintiff,

                                        CIVIL ACTION
          vs.                           No. 05-3371-SAC

DAVID R. McKUNE, et al.,


                    Defendants.


                         ORDER


     This matter is before the court on a petition for habeas
corpus filed pursuant to 28 U.S.C. 2254 by a prisoner in state
custody.   Petitioner proceeds pro se, and payment of the
filing fee is pending.

     The court has made an initial examination of the record
and enters the following order.

     This action is governed by the Antiterrorism and
Effective Death Penalty Act of 1996 (AEDPA).   The AEDPA
established a one-year limitation period for the filing of an
application for federal habeas corpus relief by a state
prisoner.   This limitation period typically begins to run on
"the date on which the judgment became final by the conclusion

of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). The limitation period is tolled for a "properly filed application for state post-conviction or other collateral relief." 28 U.S.C. 2244(d)(2). In addition, equitable tolling may be available in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

The record before the court shows petitioner was con-victed in the District Court of Wyandotte County, Kansas, in 1999. Petitioner appealed the conviction, and it appears the final action in the state courts was the denial of a petition for review by the Kansas Supreme Court on September 24, 2002. Petitioner's conviction became final for purposes of habeas corpus review ninety days later, upon the expiration of the time in which he could have filed a petition for certiorari in the United States Supreme Court. Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001). Thus, the limitation period began to run on approximately December 24, 2002.

It appears the petitioner first sought post-conviction relief in the state courts when he filed a petition on March 18, 2003. The limitation period was tolled by that filing, and approximately 83 days had run on the one-year period. The

2

limitation period began to run again on approximately September 20, 2004, when the Kansas Supreme Court entered a mandate from the denial of a petition for review, and continued to run until petitioner executed the petition for habeas corpus on September 10, 2005 (Doc. 1, p. 22). Approximately 355 days ran between the denial of a petition for review by the Kansas Supreme Court and the execution of the habeas corpus petition.

Because the total of 83 days and 355 days exceeds the one-year limitation period, the court is considering the dismissal of this action as untimely. The court directs petitioner to show cause why this matter should not be dismissed due to his failure to commence this action within the one year limitation period.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including October 28, 2005, to show cause why this matter should not be dismissed due to his failure to bring this action within the one-year limitation period. The failure to file a timely response may result in the dismissal of this matter without prior notice.

A copy of this order shall be transmitted to the petitioner.

3

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 27th day of September, 2005.

                    S/ Sam A. Crow
                    SAM A. CROW
                    United States Senior District Judge