IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CALVIN MILLS,**

                      Petitioner,

         v.                                CASE NO. 05-3371-SAC

**DAVID R. McKUNE, et al.,**

                      Respondents.

**O R D E R**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. After an initial review of the complaint, the court directed petitioner to show cause why this matter should not be dismissed due to his failure to commence this action within the one year limitation period. 28 U.S.C. § 2244(d). Petitioner filed a timely response.

**Background**

The court's earlier order in this matter outlined the procedural history of petitioner's criminal case as follows:

> ...petitioner was convicted in the District Court of Wyandotte County, Kansas, in 1999. Petitioner appealed the conviction, and it appears the final action in the state courts was the denial of a petition for review by the Kansas Supreme Court on September 24, 2002. Petitioner's conviction became final for purposes of habeas corpus review ninety days later, upon the expiration of the time in which he could have filed a petition for certiorari in the United States Supreme Court. <u>Locke v. Saffle</u>, 237 F.3d 1269, 1272 (10th Cir.

>2001).  Thus, the limitation period began to run on approximately December 24, 2002.
>
>...petitioner first sought post-conviction relief in the state courts when he filed a petition on March 18, 2003.  The limitation period was tolled by that filing, and approximately 83 days had run on the one-year period.  The limitation period began to run again on approximately September 20, 2004, when the Kansas Supreme Court entered a mandate from the denial of a petition for review, and continued to run until petitioner executed the petition for habeas corpus on September 10, 2005....  Approximately 355 days ran between the denial of a petition for review by the Kansas Supreme Court and the execution of the habeas corpus petition.  (Doc. 3.)

### Discussion

Petitioner does not contest the court's calculation of the limitation period.  He asserts that he is entitled to equitable tolling of the limitation period because he received misleading advice from his counsel.  Petitioner specifically asserts that his appellate counsel provided him with misleading information.  He states that, as directed, he contacted Legal Services for Prisoners for assistance with post-conviction matters.  Petitioner states that two months elapsed prior to his receipt of a reply advising him that that organization would be unable to assist him.  Finally, petitioner asserts that the attorney who assisted him in his post-conviction appeal did not specify a date by which petitioner was required to file his application for federal habeas corpus.

In support of his request for equitable tolling, the petitioner attaches a letter from the assistant appellate

defender who represented him on direct appeal. (Doc. 4, Ex. B.) That correspondence, dated September 27, 2002, explained several options to the petitioner.  The court finds no error in the contents of that letter.

The second letter submitted by the petitioner is correspondence from the appellate public defender who represented petitioner in his state post-conviction action.  The letter, date September 21, 2004, again outlines the available post-conviction remedies and the governing limitations periods.  The letter also directed the petitioner to legal agencies assisting prisoners in Kansas.  (Id., Ex. C).

Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner seeks equitable tolling based on a two-month delay in receiving a response from Legal Services for Prisoners (LSP) and on his confusion regarding the correspondence from his appellate attorneys.  Neither of these arguments is compelling. First, petitioner fails to provide any detailed factual explanation of how the relatively brief delay in a reply from LSP caused his failure to timely file his petition.  Next, the petitioner's confusion concerning the time for filing is

3

insufficient to excuse the failure.  A prisoner's ignorance of the law generally is insufficient to excuse a failure to timely file, even for an incarcerated pro se prisoner.  <u>Marsh</u>, 223 F.3d at 1220.

For these reasons, the court concludes the petitioner is not entitled to equitable tolling.

IT IS THEREFORE ORDERED the petition for habeas corpus is dismissed.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 15th day of February, 2006, at Topeka, Kansas.

> S/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge